# Conlon *v.* Pittsburg Railways Company, Appellant.

*Negligence—Street railways—Wagon and car—Rear end collision.*

In an action against a street railway company to recover damages for personal injuries sustained by a car running into the rear end of plaintiff's wagon, the case is for the jury where there is evidence that as the car rounded a curve, the motorman could not sand the track; that after the car passed around the curve, the trolley came off; that no explanation was made as to the cause of the trolley coming off; and that immediately after the accident the motorman said that the car was not fit to take out, and had so reported its condition at the car barn, but was ordered to take it out anyway.

Argued Oct. 21, 1908. Appeal, No. 88, Oct. T., 1908, by defendant, from judgment of C. P. No. 4, Allegheny Co., Third Term, 1907, No. 96, on verdict for plaintiff in case of Thomas J. Conlon v. Pittsburg Railways Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARNAHAN, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,312. Defendant appealed.

*Error assigned* was in refusing binding instructions for plaintiff.

*James C. Gray*, with him *Clarence Burleigh* and *William A. Challener*, for appellant, cited: Small v. Pittsburg Railways Co., 216 Pa. 584.

*Rody P. Marshall*, with him *Thomas M. Marshall*, for appellee, cited: Rauch v. Smedley, 208 Pa. 175.

OPINION BY MR. JUSTICE ELKIN, January 4, 1909:

This is a very close case, but after full consideration we are all of opinion, that it was for the jury to determine whether under the facts appellant company was guilty of negligence. The assignments of error relate only to the insufficiency of the evidence to support the allegation of negligence. If no negligence be proven, or if sufficient facts be not established from which negligence may reasonably be inferred, no case is made out. The mere happening of the accident under the circumstances of this case would not be sufficient to charge appellant company with negligence. The negligence charged in the statement of claim is that "A car of the defendant company, going in the same direction, was allowed to collide with the rear end of said wagon on which plaintiff was riding, with such violence as to throw the wagon over and knock down the horses" and thus cause the injuries about which complaint is made. In such cases, the negligence relied on to sustain the action should be more specifically stated in order that the defendant company may know with what particular negligence it is charged in order to properly meet the same. However, the case was tried in the court below on its merits and we need not stop to consider the question of pleadings now. The testimony clearly showed that the car got beyond the control of the motorman and that a collision resulted. We fully agree with the conten-

tion of the learned counsel for appellant that if the loss of control of the car was not due to any negligence of the motorman, or to a defective car, appliances or materials necessary in properly running the same, there could be no recovery, because under such circumstances no negligence would have been established. There is evidence, however, in this case that as the car rounded the curve the motorman could not sand the track for the reasons stated in his testimony, all of which enjoined greater care, and after the car passed around the curve the trolley came off and no explanation is made of the cause. It may have been unavoidable or it may have been the result of carelessness. In addition, there is the evidence of two witnesses that immediately after the happening of the accident the motorman said the car was not fit to take out, and that he had reported its condition at the car barn before taking it out on the trip when the accident occurred, but was ordered to take it out anyway. All of which circumstances demanded some explanation by the company if it desired to relieve itself from the charge of negligence. Under these circumstances the trial judge commited no error in submitting the case to the jury.

Judgment affirmed.